JUDGE RAKOFF

13 CV 1130

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
John Doucette, on behalf of plaintiff and the class
defined herein,

                        Plaintiff,

v.                                      COMPLAINT – CLASS ACTION

CAPITAL MANAGEMENT SERVICES, LP;
MIDLAND CREDIT MANAGEMENT, INC.;
MIDLAND FUNDING, LLC

                        Defendants. :
------------------------------------------------------------ x

## INTRODUCTION

1. Plaintiff, John Doucette ("Plaintiff"), brings this action to secure redress against unlawful collection practices. The defendants are collection agency Capital Management Services, LP ("CMS"), debt buyer Midland Funding LLC ("Midland"), and its affiliate Midland Credit Management, Inc, ("MCM"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under §1692k (FDCPA).

4. Venue in this District is proper because defendants' collection communications were received in this District.

## PARTIES

5. Plaintiff resides in the Southern District of New York.

6. Defendant CMS is a limited partnership entity chartered under the law of Delaware with its principal offices at 726 Exchange Street, Suite 700, Buffalo, NY, 14210.

7. Defendant CMS operates a collection agency.

8. Defendant CMS uses the mails and telephones to collect debts originally owed to other entities.

9. Defendant Midland is a Delaware corporation with a service address of c/o Corporation Service Company at 80 State Street in Albany, NY 12207.

10. Defendant Midland is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

11. Defendant Midland pays an average of less than ten cents on the dollar for the debts it purchases.

12. Defendant Midland then attempts to collect the purchased debts directly or through others.

13. Defendant Midland regularly uses the mails and telephones in the process of collecting the debts it purchases.

14. Defendant Midland is a "debt collector" as defined in the FDCPA.

15. Defendant Midland states on its Web site as of February 13th, 2012 http://www.midlandcreditonline.com/who-is-mcm/our-partners/, that "Midland Credit Management is a subsidiary of Encore Capital Group, a leader in the consumer debt buying and recovery industry. Through Encore Capital Group and its affiliates we offer customers the tools

and options they need to resolve their past due debt obligations. In addition to our affiliate companies we will often use third parties to service accounts."

16. Defendant Midland also states on its Web site that:

"Midland Funding LLC is one of the nation's biggest buyers of unpaid debt. Midland Funding LLC purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment.

Midland Funding LLC works with its affiliate, Midland Credit Management (MCM), to service accounts. MCM is dedicated to helping consumers find their way back to financial stability and relieve the emotional stress that can accompany unpaid debt."

17. Defendant MCM is a Kansas corporation with a service address of c/o Corporation Service Company at 80 State Street in Albany, NY 12207.

18. Defendant MCM uses the mails and telephones in conducting its business.

19. Defendant MCM is a debt collector as defined in the FDCPA.

20. The Defendants acted together in carrying out the illegal conduct.

**FACTS RELATING TO PLAINTIFF**

21. Shortly after June 1st, 2012, plaintiff received in the mail the document attached as Exhibit A.

22. Exhibit A seeks to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

23. On information and belief, Exhibit A was the first document plaintiff received from Midland Funding.

24. On information and belief, Exhibit A is a form document.

25. Exhibit A states that the "current creditor" is "Midland Credit Management, Inc."

26. MCM is not the current owner of the debt.

27. MCM does not own any debts, as it is a servicer.

28. Exhibit A was sent at the direction of MCM on behalf of Midland.

29. Exhibit A did not contain the notices required by 15 U.S.C. §1692g(a)(2),(3),(4) and (5).

## COUNT I – FDCPA

30. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

31. Defendants violated 15 U.S.C. §1692g, by failing to provide the notices required by 15 U.S.C. §1692g(a)(2),(3),(4) and (5).

32. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26

*USCS §§ 1* **et seq.], title V of Gramm-Leach-Bliley Act [***15 USCS §§ 6801* **et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

33. Defendants violated 15 U.S.C. §1692e which provides:

**§ 1692e. False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

35. The class consists of (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) referring to Midland Credit Management, Inc. as the current creditor (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

36. The class members are so numerous that joinder is impracticable.

37.     On information and belief, there are more than 50 natural persons with New York addresses who were sent a document in the form represented by Exhibit A, referring to Midland Credit Management, Inc. as the current creditor, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

38.     Exhibit A has bar-coded addresses and return addresses, which entitle the mailer to discounts from the Postal Service associated with large-scale mailings.

39.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

40.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated 2/14/13

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
PO Box 250870
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

726 Exchange Street, Suite 700
Buffalo, New York 14210



**CAPITAL MANAGEMENT SERVICES, LP**
726 Exchange Street - Suite 700, Buffalo, NY 14210
Office Hours: M-Th 8 a.m. - 11 p.m. ET
Fri 8 a.m. - 10 p.m., Sat 8 a.m. - 4 p.m. ET
Toll Free: 1-800-355-3285, Fax: (716) 852-1620

Reference# 075836137

T9 P1*********AUTO**3-DIGIT 100

John T Doucette
648 AMSTERDAM AVE AP
NEW YORK, NY 10025-7456

Current Creditor: MIDLAND CREDIT MANAGEMENT, INC.
Account #: 8550353371
Balance: $2945.52

June 01, 2012

Dear John T Doucette:

Please be advised that Midland Funding, LLC recently purchased your Midland Credit Management, Inc. account from Equable Ascent Financial, LLC. Capital Management Services, LP will continue to service your account on the new owner's behalf. Accordingly, nothing will change with regard to the servicing of the account. Please contact us at 1-800-355-3285 if you have any questions.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Jackie Ten at 1-866-900-9732

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

*Exhibit A*